UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Twin City Pipe Trades Service
Association, Inc., a Minnesota
non-profit corporation,

Civil No. 12-1125 (PAM/FLN)

      Plaintiff,

v.

**MEMORANDUM AND ORDER**

Frank O'Laughlin Plumbing
& Heating Company, a Minnesota
corporation d/b/a O'Laughlin
Plumbing & Heating,

      Defendant.

---

This matter is before the Court for a determination of Plaintiffs' attorney's fees in this ERISA action. For the reasons that follow, Plaintiff's request for fees and costs is granted.

**BACKGROUND**

The full background of this case is set forth in the Court's previous Order (Docket No. 32) and in the opinion of the Eighth Circuit Court of Appeals, which reversed this Court's grant of summary judgment in favor of Defendant Frank O'Laughlin Plumbing & Heating Co. (Docket No. 40). In brief, Plaintiff Twin City Pipe Trades Service Association sought fringe-benefit fund contributions from O'Laughlin for work performed by members of one of Plaintiff's beneficiary unions.

The Eighth Circuit found that O'Laughlin had not properly terminated the collective bargaining agreement that imposed the contribution requirements at issue. Thus, the appeals

court remanded the case for a determination of contributions owed. The parties have agreed to the amount of such contributions, but disagree about whether an award of attorney's fees is appropriate. O'Laughlin also takes issue with the amount of fees requested.

**DISCUSSION**

ERISA provides that in a case in which a fiduciary, such as Plaintiff here, successfully sues for unpaid contributions, "the court shall award the plan" not only the amount of the unpaid contributions plus interest, but also "reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2)(D). O'Laughlin argues that the Court should exercise its discretion and determine that fees are not appropriate, but the statutory language applicable to this case is mandatory, not permissive. Thus, the Court is required to award Plaintiff its reasonable attorney's fees and costs.

Plaintiff seeks $98,979.50 in attorney's fees and $1,093.40 in costs. O'Laughlin challenges the amount of fees requested, arguing that Plaintiff's fees were more than twice the fees O'Laughlin expended in the case.[1] But the standard of reasonableness is not governed by whether the fees of the parties are equivalent. Rather, the Court must examine the hours expended and the fees charged to determine whether the party seeking the fees reasonably incurred those fees.

This litigation has been ongoing for nearly four years. The parties fully litigated the matter in this Court, through discovery and dispositive-motion practice. Then the parties

---

[1] O'Laughlin does not appear to dispute the amount of costs Plaintiff requests.

fully briefed an appeal and participated in argument at the Court of Appeals. The number of hours Plaintiff claims are reasonable in light of the complexity and length of this litigation.

Plaintiff's requested lodestar rate is similarly reasonable. The range of the hourly rate claimed is well within the rates charged for attorneys in this area, if not below that range. Plaintiff has established that it is entitled to the fees and costs it seek.

**CONCLUSION**

Plaintiff is entitled to its costs and fees. Accordingly, based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant shall pay Plaintiff's costs of $1,093.40 and attorney's fees of $98,979.50.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   February 23, 2016

                                                      *s/Paul A. Magnuson*
                                                    Paul A. Magnuson
                                                    United States District Court Judge