UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Twin City Pipe Trades Service
Association, Inc., a Minnesota
non-profit corporation,

      Plaintiff,

v.

Frank O'Laughlin Plumbing
& Heating Company, a Minnesota
corporation d/b/a O'Laughlin
Plumbing & Heating,

      Defendant.

Civil No. 12-1125 (PAM/FLN)

**MEMORANDUM AND ORDER**

---

This matter is before the Court for determination of damages. For the reasons that follow, Plaintiff's request for liquidated damages and prejudgment interest is granted, and its request for an injunction is denied.

**BACKGROUND**

This is an ERISA fringe-benefit-fund case in which Plaintiff Twin City Pipe Trades Service Association ("Twin City Pipe") seeks fringe-benefit fund contributions from Defendant Frank O'Laughlin Plumbing & Heating Co. ("O'Laughlin") for work performed by members of one of Twin City Pipe's beneficiary unions. Although this Court initially granted summary judgment in favor of O'Laughlin (Docket No. 32), that decision was reversed on appeal. (Docket No. 40.)

The Eighth Circuit found that O'Laughlin had not properly terminated the collective bargaining agreement that imposed the contribution requirements at issue.

Thus, the appeals court remanded the case for a determination of contributions owed. The parties have agreed to the amount of such contributions, and the Court has already ordered O'Laughlin to pay Twin City's costs of $1,093.40 and attorney's fees of $98,979.50. (Docket No. 64). However, the Court did not address whether an award of liquidated damages on late fringe benefit contributions, interest, and an injunction are appropriate. The Court will now address the remaining issues.

**DISCUSSION**

Section 515 of ERISA provides that every employer obligated to make contributions to a multi-employer benefit plan must make such contributions according to the terms of the plan or applicable collective bargaining agreement. 29 U.S.C. § 1145. ERISA also states that when a judgment under Section 515 is awarded, the court shall also award the plan, as relevant here: (1) interest on unpaid contributions; (2) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of unpaid contributions, and (3) such other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2). Twin City Pipe argues that both the terms of the CBA binding the parties and ERISA's provisions mandate an award of interest, liquidated damages, and injunctive relief.

O'Laughlin does not dispute that ERISA mandates the award of liquidated damages and interest. (Docket No. 62.) Thus, it is undisputed that Twin City Pipe is entitled to $27,197.24 in liquidated damages, and interest of $20,289.41. O'Laughlin

raises only one remaining challenge to Twin City Pipe's request, arguing that an injunction is not warranted. Twin City Pipe asserts that an injunction requiring O'Laughlin to adhere to the CBA and to post a bond worth three months' contributions until O'Laughlin effectively terminates the CBA is necessary. O'Laughlin disagrees, contending that it has not failed to make monthly contributions in the past thirteen years as a member of the CBA, and its employees' CBA activities have substantially diminished since 2011.

Injunctions are generally allowed under ERISA to redress ERISA violations or to enforce the terms of the CBA. 29 U.S.C. § 1132(a)(3). To assess whether an injunction is appropriate, courts consider four factors: (1) the likelihood of the movant's ultimate success on the merits, (2) the threat of irreparable harm to the movant in the absence of relief, (3) the balance between the harm alleged and the harm that the relief may cause the non-moving party and (4) the public interest. Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981). An injunction is an extraordinary remedy, and the moving party bears the burden of establishing its propriety. Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003).

Twin City Pipe argues that because O'Laughlin has not paid contributions since the Eighth Circuit decision came out, an injunction is the only way to ensure that the fringe benefit plans will be protected. However, until recently the parties had not agreed on the amount of unpaid contributions owed. They now have agreed, and O'Laughlin may start paying the contributions knowing exactly how much it will have to pay. An injunction is not warranted.

**CONCLUSION**

Twin City Pipe is entitled to liquidated damages and interest on unpaid contributions. Accordingly, based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant shall pay Plaintiff $27,197.24 in liquidated damages, and interest of $20,289.41; and

2. Plaintiff's request for an injunction is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 22, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge